## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

1) INVENTRUST PROPERTIES     )
CORP. f/k/a INLAND AMERICAN     )
REAL ESTATE TRUST, INC.,     )
                       )
         Plaintiffs,     )
                       )
*versus*     )     **Case No.** 16-cv-00342-TCK-TLW
                       )
1) LEXINGTON INSURANCE     )
COMPANY,     )
                       )
         Defendant.     )

## COMPLAINT

**COMES NOW** the Plaintiff, INVENTRUST PROPERTIES CORP. f/k/a INLAND AMERICAN REAL ESTATE TRUST, INC. (hereinafter "Plaintiff"), and for its causes of action against Defendant, Lexington Insurance Company, (hereinafter referred to as "Defendant"), does hereby allege and state as follows:

## STATEMENT OF FACTS

1.     InvenTrust Properties Corp. ("InvenTrust") is a corporation incorporated under the laws of the State of Maryland, formally known as Inland American Real Estate Trust, Inc. InvenTrust has an insurable interest in all property located at 7505, 7521, and 7523 South Olympia Ave., Tulsa, Oklahoma (hereinafter referred to as the "Property").

2.     Inland American Real Estate Trust, Inc. ("Inland Inc."), a Maryland corporation, a named insured under the Policies, changed its name to InvenTrust Properties Corp in 2015.

1

3.   Defendant is an insurance company incorporated under the laws of the State of Delaware, and is registered to engage in the business of insurance in the State of Oklahoma.

4.   Plaintiff entered into a contract for insurance with Defendant to provide coverage for its Property.  Plaintiff's insured property is located in Tulsa County, Oklahoma.

5.   Defendant issued the commercial policy of insurance, Policy No. 066095556 (hereinafter the "2010-2011 Policy A"), to Inland Inc. Attached as Exhibit A.

6.   Defendant issued the commercial policy of insurance, Policy No. 084543366/00 (hereinafter the "2010-2011 Policy B"), to Inland Inc. Attached as Exhibit B.

7.   Defendant issued the commercial policy of insurance, Policy No. 084543366102 (herinafter the "2011-2012 Policy"), to Inland Inc. Attached as Exhibit C.

8.   Defendant issued the commercial policy of insurance, Policy No. 084543366/03 (hereinafter the "2012-2013 Policy"), to Inland Inc. Attached as Exhibit D. (All three policies hereinafter referred to as the "Policies").

9.   Defendant represented to the Plaintiff that it would conduct itself in accordance with Oklahoma law and would fully and faithfully investigate and pay claims.  Plaintiff relied on said representations.

10.     Beginning in 2011 and occuring thereafter, the Property was subject to continuing physical loss and damage directly caused by or resulting from water damage and earth movement throughout the policy periods.

11.     The Property insured under the Policies was structurally damaged as a direct result of surface waters, earth movement and/or water damage (the "Loss").

12.     Damage from surface waters, earth movement, and/or water damage is a covered cause of loss not otherwise excluded under the Policies.

13.     Plaintiff timely and properly submitted a claim to Defendant, for the property damage incurred due to the Loss.

14.     On July 28, 2014, Defendant gave a partial coverage determination, finding covered damage to the Property.

15.     On June 8, 2015, Defendant gave its final coverage determination, denying the claim.

16.     Despite the June 8, 2015 coverage determination, Defendant continued to adjust the claim.

### FIRST CAUSE OF ACTION
### BREACH OF CONTRACT

17.     Plaintiff adopts and incorporates by reference paragraphs 1 through 16 above as if fully plead herein, and for further claims against the Defendant alleges as follows:

18.     Plaintiff entered into a contract for insurance with Defendant to provide

coverage for the Property and business loss.

19.   At all times material hereto, the Policies were in full force and effect.

20.   Plaintiff provided timely and proper notice of its claim of all covered damages resulting from the Loss.

21.   Plaintiff has complied with the terms and conditions and all conditions precedent under the Policies.

22.   As to the Loss damages that underlie Plaintiff's claim, Defendant has only paid one hundred and twenty-five thousand, eight hundred fifty-two and 64/100 dollars ($125,852.64) in insurance benefits to date for those losses covered by the Policies.

23.   Conversely, Plaintiff has incured covered costs and expenses to investigate, repair, and replace portions of the damaged structures in excess of three (3) million dollars.

24.   By failing to fully indemnify Plaintiff for losses covered by the contracts of insurance, Defendant has breached its contractual obligations under the terms and conditions of the Policies with Plaintiff by failing to pay Plaintiffs all benefits owed.

25.   Defendant's conduct is the proximate cause of Plaintiff's damages.

26.   As a result of the Defendant's breach of contract the Plaintiff has sustained financial losses.

27.   Pursuant to 12 O.S. § 3629(B), Plaintiff is entitled to attorneys fees, costs and statutory interest at the rate of 15% per annum.

28.  As a result of Defendant's breach of contract and other wrongful conduct, Plaintiff has been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs and interest.

## SECOND CAUSE OF ACTION
### BAD FAITH

29.  Plaintiff adopts and incorporates by reference paragraphs 1 through 28 above as if fully plead herein, and for further claims against the Defendant alleges as follows:

30.  Defendant owed a duty to Plaintiff to deal fairly and act in good faith.

31.  Defendant breached its duty to deal fairly and act in good faith by failing to timely and properly investigate, evaluate and/or pay the Plaintiff's claim.

32.  Defendant's obligations to the Plaintiff arise from both express written terms under the Policies as well as implied obligations under Oklahoma law.

33.  Defendant's conduct is a material breach of the terms and conditions of the insurance contract entered into with the Plaintiff and constitutes bad faith.

34.  Despite Defendant identifying water loss and earth movement, Defendant failed to pay for the direct physical damage caused by the Loss.

35.  Defendant also misrepresented the terms of the Policy.  Specifically, Defendant applied a "faulty workmanship" and "settling" exclusion to the damage despite the Policies' concurrent cause language in both the Earth Movement and Flood coverages.

36.   Defendant's misrepresentations of the terms of the Policies are a violation of Defendant's obligation to treat Plaintiff in good faith and fairly under Oklahoma law.

37.   Defendant owes for all direct physical damages caused by a peril not otherwise limited or excluded by the express terms of the Policies.

38.   Defendant ignored direct physical damages covered by the Policies for financial gain.

39.   As a direct and proximate result of Defendant's bad faith conduct, Plaintiff's claim was unnecessarily delayed, inadequately investigated, and wrongfully underpaid. Said actions resulted in additional profits and a financial windfall to Defendant, and to the damage and detriment of Plaintiff.

40.   Defendant engages in a profit sharing program that provides financial incentives to its employees to underpay and/or deny its insureds' claims.

41.   As a result of the Defendant's conduct, the Plaintiff has sustained financial losses.

42.   As a result of Defendant's conduct the Plaintiff has sustained financial losses and has been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs and interest.

43.   The conduct of Defendant was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiff, and said conduct is sufficiently egregious in nature to warrant the imposition of punitive damages.

44.   The amount of punitive damages sought to be recovered is in excess of $75,000 the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code.

45.   Plaintiff further alleges Defendant benefited from increased financial benefits and ill-gotten gains as a direct result of the intentional and wrongful conduct described above, which resulted in further damage to the Plaintiffs.

## PRAYER FOR RELIEF

**WHEREFORE**, premises considered, the Plaintiff prays for judgment against Defendant, LEXINGTON INSURANCE COMPANY, as follows:

a.   Payment of all contractual benefits for all coverages afforded to Plaintiff under the subject Policies of insurance for damage to its Property caused by the Loss, together with interest on all amounts due;

b.   Disgorgement of the increased financial benefits derived by Defendant as a direct result of Defendant's wrongful or intentional, willful, malicious and/or reckless conduct;

c.   Actual and punitive damages each in an amount in excess of Ten Thousand Dollars ($10,000.00), and

d.   Attorneys' fees, costs and interest, including pre-judgment and post-judgment interest.

Respectfully submitted,

J. DREW HOUGHTON, OBA # 18080
**FOSHEE & YAFFE**
P.O. Box 890550
Oklahoma City, OK 73189
Phone: (405) 232-8080
Fax: (405) 601-1103
dhoughton@fylaw.com

-and-

Andrew M. Plunkett
**Childress Duffy, Ltd.**
500 North Dearborn Street, Suite 1200
Chicago, Illinois 60654
Phone: (312) 494-0200
Fax: (312) 494-0202
aplunkett@childresslawyers.com

*ATTORNEYS FOR PLAINTIFF*

**ATTORNEYS' LIEN CLAIMED**
**JURY TRIAL DEMANDED**